UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIQUE PARENTI,

          Plaintiff,

-against-

STONY POINT PIZZERIA, INC. d/b/a
BOCCI'S ITALIAN RESTAURANT and
NEIL MEOLA,

          Defendants.

08 CIV. 2932

Docket No.

**COMPLAINT**

**JUDGE KARAS**

S.D. OF N.Y. W.P.
2008 MAR 20 P 12:17
FILED
U.S. DISTRICT COURT

    Dominique Parenti, by her attorneys, Foulke Law Offices, as and for her complaint against defendants Stony Point Pizzeria, Inc. d/b/a Bocci's Italian Restaurant ("Stony Point") and Neil Meola ("Meola"), alleges as follows:

    1.    Plaintiff, Dominique Parenti, demands a trial by jury of all issues in this action.

### Nature of Action

    2.    This is an action to recover damages against defendants Stony Point and Meola for hostile work environment and constructive termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and the New York State Human Rights Law, New York Exec. Law § 290 et seq.

### Parties

    3.    Defendant Stony Point hired Dominique Parenti in or about September 2006 as a waitress.

    4.    Upon information and belief, defendant Stony Point is, and at all times mentioned hereinafter was, a domestic corporation duly organized and authorized to do business pursuant to the laws of the State of New York.

5. Upon information and belief, defendant Stony Point is a foreign corporation duly authorized and licensed to do business in the State of New York.

6. At the time the cause of action herein arose, defendant Stony Point operated a restaurant known as Bocci's Italian Restaurant located at 438 Lakes Road, Monroe, New York.

7. At all times mentioned herein, plaintiff Dominique Parenti was a resident of the County of Orange and State of New York.

8. At all times mentioned herein, Mr. Neil Meola was an officer, employee, principal and owner of defendant Stony Point.

9. At all times mentioned herein, Mr. Meola was an employee, representative and agent of Stony Point.

10. At all times mentioned herein, Mr. Meola had supervisory authority over Dominique Parenti and was her supervisor.

11. At all times mentioned herein, Stony Point is responsible for the acts and actions of Meola, its supervisor, employee, agent and representative under theories of *respondeat superior* and pursuant to principals of vicarious liability.

12. On or about December 18, 2006, within 300 days of the accrual of the cause of action herein and within 300 days of the last act of a continuous course of pervasive sexually harassing conduct, plaintiff Dominique Parenti filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

13. On or about December 28, 2007, the EEOC, New York District Office, issued and mailed a Notice of Right to Sue authorizing Dominique Parenti to proceed with her case of employment discrimination in United States District Court.

14. The Notice of Right to Sue was received on or about December 31, 2007 by Ms.

Parenti's counsel.

15. This action was timely commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

### Jurisdiction and Venue

16. This Court has subject matter jurisdiction over plaintiff's claims in this action pursuant to Title 28 U.S.C. § 1331 and pursuant to principals of pendant jurisdiction.

17. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). Plaintiff and each of the defendants reside, are found, transact business, have agents and are within the jurisdiction of this district and of this Court for the purposes of service of process.

18. Venue is proper in this district as to each defendant pursuant to 28 U.S.C. § 1391.

### STATEMENT OF FACTS

19. Plaintiff Dominique Parenti commenced work for Stony Point on or about approximately September 2006 working as a waitress at the Bocci's Italian Restaurant located at 438 Lakes Road, Monroe, New York.

20. At all times, Ms. Parenti performed her job satisfactorily and never received complaints concerning her job performance.

21. At all times mentioned herein, Meola was the General Manager and owner in charge of operations at Bocci's Italian Restaurant in Monroe, New York.

22. At all times mentioned herein, defendant Meola is the controlling shareholder and owner of defendant Stony Point.

23. Commencing during the first week of her employment, Mr. Meola started

asking inappropriate questions to Ms. Parenti about her personal life including whether or not she had a boyfriend and making other unwanted personal conversation.

24. During the first few weeks of Ms. Parenti's employment, Mr. Meola would also make unwanted sexual remarks to other female servers. For example, Mr. Meola asked female server Adrienne the frequency of her sexual relations with her boyfriend.

25. On another occasion, Mr. Meola said to the female employee Ardith that she "shouldn't eat anymore bread because her ass was wide enough".

26. In the following weeks, Mr. Meola continued an unwanted course of sexual harassment which made the work place intolerable for Ms. Parenti.

27. For example, on one occasion in September, Mr. Meola suggested to Ms. Parenti that she date a friend of his whose name was Mario. When Ms. Parenti declined the invitation, he then stated that what she needed was to date Ray, another friend of Mr. Meola.

28. Later that night, Mr. Meola stood at the bar with both Mario and Ray laughing and joking while looking at Ms. Parenti.

29. At all times, Ms. Parenti stated that she did not want to be fixed up with other customers in the restaurant. Notwithstanding this request, Mr. Meola continued to try to get Ms. Parenti to date his friends.

30. On at least four occasions, Mr. Meola has made unwanted sexual remarks to Ms. Parenti to the effect that she needs to get her "pipes cleaned out" and that "getting her pipes cleaned out was not a bad idea".

31. At all times, the remarks were intended to be understood as innuendo for sexual relations and were understood in that manner by Ms. Parenti.

32. Mr. Meola would also make unwanted sexual innuendo remarks to female

4

servers Adrienne and Ardith.

33. On Friday, October 27, 2006 at approximately 4:15 p.m., Mr. Meola walked past Ms. Parenti while she was filling sugar bowls and smacked her buttocks with his open hand and said "you must be a real animal in bed". He then asked whether or not she was an "animal in bed".

34. Mr. Meola then looked at the dishwasher who had observed this conduct and stated "she must be a real animal in bed" and started laughing.

35. On information and belief, the dishwasher is not fluent in English but laughed along with Mr. Meola concerning his unwanted sexual comments and touchings.

36. On Sunday, October 29, 2006 at approximately 11:45 a.m., Mr. Meola asked Ms. Parenti to clean the bottoms of the chairs. While cleaning the bottom of the chairs on her knees, Mr. Meola then walked into the room making comments to the effect of how great Ms. Parenti looked on her knees. At all times, Mr. Meola's comments were intended as sexual innuendo and were understood by Ms. Parenti as sexual innuendo.

37. At all times mentioned herein, Mr. Meola's comments to Ardith, Adrienne and Ms. Parenti were unwanted and unwelcome.

38. Ms. Parenti made clear and specifically told Mr. Meola on more than one occasion that his comments and touchings were unacceptable and asked him to please stop. On October 29, 2006, Ms. Parenti specifically stated to Mr. Meola to "knock it off". Ms. Parenti also said that "you have a daughter and someday she will grow up and you will not want someone talking to her in the manner that you talk to me".

39. Mr. Meola's sexual harassing conduct was directed at Ms. Parenti because of her sex and was severe, pervasive, continuous, and unreasonably interfered with her ability to do her job.

40. Due to the constant continued sexual harassing behavior by Mr. Meola, plaintiff

was unable to continue working and was constructively terminated.

41. Defendant Meolo subjected Selda Umeroski to an unwanted and unwelcome hostile environment directed at her because of her sex.

### FIRST CAUSE OF ACTION
### (Hostile Environment in Violation of Title VII and New York State Human Rights Law)

42. Plaintiff, Dominique Parenti, repeats and realleges paragraphs 1 through 41 inclusive as if fully set forth herein at length.

43. Ms. Parenti, at all times mentioned herein, was a female employee and the subject of unwelcomed sexual advances by defendant Meola.

44. At all times mentioned herein, defendant Stony Point is vicariously responsible for the actions of defendant Meola.

45. Mr. Meola's harassment was based solely on Ms. Parenti's sex and the harassment unreasonably interfered with her ability to work and created a hostile and abusive work environment.

46. The harassment described herein was sufficiently severe and pervasive to create an abusive and hostile work environment which was both intimidating and offensive and unreasonably interfered with Ms. Parenti's ability to do her work.

47. At all times, defendant Stony Point's conduct through its employee and representative Meola was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. 2000(e) et seq. and in violation of the New York State Human Right Law, New York Exec. Law § 290 et seq.

48. Plaintiff was caused to and did sustain damages in the form of back pay, front pay and emotional pain and suffering.

49. Plaintiff seeks to recover by this action front pay and back pay, attorney's fees,

compensatory damages, and punitive damages to which she is entitled to recover under Title VII and the New York State Human Rights Law.

### SECOND CAUSE OF ACTION
### (Constructive Discharge in Violation of Title VII and the New York State Human Rights Law)

50. Plaintiff, Dominique Parenti, repeats and realleges paragraphs 1 through 41 inclusive as fully set forth herein at length.

51. Plaintiff was in essence prevented from doing her job and was constructively terminated. All of the aforementioned conduct was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. 2000(e) et seq. and in violation of the New York State Human Right Law New York Exec. Law § 290 et seq.

52. Plaintiff was caused to and did sustain damages in an amount to be determined by the jury which includes compensatory damages for emotional pain and suffering.

53. Additionally, plaintiff seeks to recover front pay and back pay, attorney's fees, and all other monetary damages, including punitive damages, to which she is entitled to recover under Title VII and the New York State Human Rights Law.

WHEREFORE, plaintiff demands judgment as defendant as follows:

(a) On plaintiff's First Cause of Action in an amount to be determined by a jury;

(b) On plaintiff's Second Cause of action in an amount to be determined by a jury;

(c) Declaring that defendant, Stony Point, violated plaintiff's right to be free from a hostile sexual work environment under Title VII of the Civil Rights Act of 1964;

(d) Punitive damages in an amount to be determined by a jury;

(e) Front pay, back pay, and compensatory damages including emotional pain and suffering;

(f) Awarding plaintiff's costs, disbursements, and reasonable attorney's fees as authorized by Title VII; and

(g)     For such other and further relief as plaintiff is entitled under applicable law and is reasonable and just in these circumstances.

Dated: Goshen, New York
March 18, 2008

>                                        FOULKE LAW OFFICES
>
>                                        By: _____
>                                            Evan M. Foulke, Esq.
>                                        Attorneys for Plaintiff
>                                        1997 Route 17M
>                                        Goshen, New York 10924
>                                        845-294-4308

TO:   Stony Point Pizzeria, Inc.
      d/b/a Bocci's Italian Restaurant
      438 Lakes Road
      Monroe, NY 10950

      Neil Meola
      c/o Stony Point Pizzeria d/b/a Bocci's Italian Restaurant
      438 Lakes Road
      Monroe, NY 10950

8